# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DONTEZ JOHNSON,                                    Case No. 1:19-cv-447
      Plaintiff,

                                         McFarland, J.

      vs.                                        Bowman, M.J.

STATE OF OHIO, et al.,                             **REPORT AND**
      Defendants.                                **RECOMMENDATION**


Plaintiff, an inmate formerly at the Warren Correctional Institution (WCI) in Lebanon, Ohio,[1] brings this action under 42 U.S.C. § 1983.   Plaintiff's original complaint, with exhibits, totaled 229 pages.   (*See* Doc. 1).   The factual allegations concerned at least twenty-three defendants and a variety of unrelated issues at WCI.   After filing the initial complaint, plaintiff submitted two additional filings, titled "statement of claim continued" (Doc. 2, 3), and a motion to amend, all of which sought to add additional factual allegations against the named defendants.   (*See* Doc. 4).   Finding that the complaint did not comply with Fed. R. Civ. P. 8(a) or 20(a)(2), the undersigned ordered plaintiff to file an amended complaint which must not exceed 20 pages in length, setting forth in clear, short and concise terms the names of each defendant, the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim.   Plaintiff was further ordered to comply with S.D. Ohio Local Rule 5.1, which specifies that the amended complaint should be legible and double-spaced.   (Doc. 5).[2]

---

[1] Plaintiff has submitted a notice of change of address informing the Court that he was transferred to the Chillicothe Correctional Institution.   (Doc. 8).

[2] The following day, petitioner filed another amended complaint which sought to add additional claims.   (Doc. 7). Because the submission did not appear to be responsive to the Court's Deficiency Order, the undersigned issued a second Deficiency Order on September 9, 2019, again requiring petitioner to file an amended complaint in compliance with the original Deficiency Order.   (Doc. 9).

In response to the Court's Order, plaintiff has submitted a motion to subpoena a transcript, which includes a single spaced 20-page amended complaint, followed by a letter and another complaint.  (*See* Doc. 10, 11).   The amended complaint attached to the motion to subpoena partially complies with the Court's September 9, 2019 Deficiency Order in that it is twenty pages.   However, the complaint still raises unrelated claims which do not arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.   This matter is before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."   *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).   To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.   *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).   A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.   *Neitzke v.*

2

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).   An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.   *Neitzke,* 490 U.S. at 327.   An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."   *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.   The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.   *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.   28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).   By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).   The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

3

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff first alleges that defendants Ms. Allen and Dan Hudson violated his due process rights by failing to provide him with a Serious Misconduct Panel (SMP) hearing within forty calendar days. (Doc. 10 at PageID 330). According to plaintiff, ODRC policy states that the SMP hearing should take place within twenty-one calendar days. It appears from the documents submitted by plaintiff that he was placed in restrictive housing following a February 7, 2019 incident and conduct report. Following a March 21, 2019 SMP hearing finding him guilty, it was recommended that plaintiff be placed in Extended Restrictive Housing (ERH) for a period of six months. (*See* Doc. 6, at PageID 307–08).

Plaintiff further contends that defendant Lauren Chalupka incorrectly found that all policies and procedures were followed when plaintiff appealed the decision. (*See* Doc. 10 at PageID 330–331; Doc. 6 at PageID 300). Plaintiff characterizes Chalupka's decision on appeal as a falsified document and seeks to hold defendants Governor Mike DeWine and ODRC Director Annette Chambers-Smith liable because he claims their signatures appear on the

4

decision.[3]   According to plaintiff, these defendants failed to correct the above errors.

The remainder of the complaint includes an assortment of unrelated claims against different defendants.   Plaintiff claims that he was served cold food; was served food that he was allergic to; was subjected to racial discrimination; received an unconstitutional table and phone restriction; that the ODRC limits inmate spending in administrative segregation; that he was denied photocopies; that his legal mail was destroyed; that he was subjected to racist language; that he was improperly denied sufficient recreation time; that he remained in solitary confinement longer than allowed under ODRC policy; that he was not provided with "disinfectant chemicals" while in solitary confinement; that officers were permitted to "pencil in rules as they go;" that he was subjected to religious discrimination; that he was denied mental health treatment; that he has not had sufficient interactions with his case and unit managers; that he was denied razors; that his outgoing mail was opened; that the Postage Stamp Act was violated; that he was forced to drink contaminated water; that he was denied hot running sink water; that federal inmates are treated differently than inmates in the ODRC; that he was improperly convicted of assault, despite not receiving a conduct report for assault; that officer conduct was covered up in the grievance process; that officers lied about him refusing recreation; that his personal property was destroyed; and that his access to the library was limited.   (*See* Doc. 10 at PageID 331–349).

For relief, plaintiff seeks monetary damages.

The complaint is subject to dismissal for failure to state a claim upon which relief may

---

[3] Plaintiff attached the decision as an exhibit to one of his initial filings.   (*See* Doc. 6 at PageID 300).   DeWine and Chambers-Smith appear on the letterhead for the ODRC.

be granted.

First, to the extent that plaintiff claims that the named defendants violated his procedural due process rights by allegedly failing to follow ODRC policy, "[a] prison official's failure to comply with a state administrative rule or policy does not itself rise to the level of a constitutional violation." *Roberts v. Croft*, No. 1:12cv0936, 2012 WL 3061384, at *11 (N.D. Ohio July 26, 2012) (Nugent, J.) (citing *Laney v. Farley*, 501 F.3d 577, 581 n. 2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347–48 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-2347, 1995 WL 236687, at * 1 (6th Cir. Apr. 21, 1995)). *See also Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) ("Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest.").

Rather, in *Sandin v. Conner,* 515 U.S. 472 (1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." *Sandin,* 515 U.S. at 484, 487; *see also Jones v. Baker,* 155 F.3d 810, 812 (6th Cir.1998); *Williams v. Wilkinson,* 51 F. App'x 553, 556 (6th Cir.2002). The Sixth Circuit has held that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin,* 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden–Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir.2008)) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the

6

prisoner's 8–year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223–24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

Here, plaintiff does not allege that the SMU hearing, ERH placement, or subsequent appeal had the effect of altering his term of his imprisonment. *See Sandin*, 515 U.S. at 487. Nor does he allege facts to support the inference that the sanction was so lengthy in duration as to rise to the level of an atypical and significant hardship. *Cf. Jones*, 155 F.3d at 812 (holding that an inmate's administrative segregation for two and a half years while his participation in a prison riot was being investigated did not amount to an atypical and significant hardship); *Mackey v. Dyke*, 111 F.3d 460, 461, 463 (6th Cir. 1997) (117-day delay in releasing the plaintiff from administrative segregation to the general prison population did not impose an atypical or significant hardship on the plaintiff and thus did not trigger due process concerns); *Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *7 (6th Cir. Aug. 23, 2000) (and numerous cases cited therein in support of holding that placement for 14 months in administrative segregation did not impose an atypical or significant hardship on the prisoner); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug. 11, 1999) (30 days in Security Control, 14 days in Disciplinary Control and six to eight months in Administrative Control did not constitute an "atypical hardship" under *Sandin*).

Because plaintiff does not have a protected liberty interest under the circumstances

7

alleged, his complaint fails to state a due process claim in connection with his disciplinary

hearing and administrative segregation placement.   *See Ford v. Harvey*, 106 F. App'x 397, 399

(6th Cir. 2004) ("Without a protected liberty interest, [a prisoner] cannot successfully claim that

his due process rights were violated because 'process is not an end in itself.'") (quoting *Olim v.

Wakinekona*, 461 U.S. 238, 250 (1983)).

Plaintiff's claims against defendants Governor DeWine and ODRC Director Annette

Chambers-Smith should be also dismissed.   As indicated above, plaintiff seeks to hold these

defendants liable for their failure to correct the above issues.   However, plaintiff's claims rest on

a theory of *respondeat superior*, which does not apply to § 1983 claims and may not serve as a

basis for liability.   *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658

(1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992).   "[Section] 1983 liability of

supervisory personnel must be based on more than the right to control employees."   *Bellamy v.

Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).   Section 1983 liability is premised on active

unconstitutional behavior and not a mere failure to act.   *Greene v. Barber*, 310 F.3d 889, 899

(6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).   Therefore, plaintiff's

claims against these defendants should be dismissed.

Finally, plaintiff's unrelated claims against the remaining defendants should be dismissed

without prejudice.   A plaintiff may not join unrelated claims and various defendants unless the

claims arise "out of the same transaction, occurrence, or series of transactions or occurrences;

and . . . any question of law or fact common to all defendants will arise in the action."   Fed. R.

Civ. P. 20(a)(2).   *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated

claims against defendants belong in different suits, not only to prevent the sort of morass [a

multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").   As noted above, in this case, plaintiff includes several unrelated allegations regarding different defendants in the complaint.   These claims arise out of different occurrences, involve distinct questions of law and fact, and are not properly joined to the claims addressed above.

Should plaintiff wish to seek relief on these claims in this Court he must do so in separate actions and seek leave to proceed in forma pauperis or pay the filing fee required to commence a civil action in those cases.  *See* Fed. R. Civ. P. 21.   Accordingly, plaintiff's remaining unrelated claims against the remaining defendants should be severed and dismissed without prejudice. *See Cage v. Mich.*, No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018) ("[T]he proper remedy for . . . misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice.").

Accordingly, in sum, the complaint should be dismissed for failure to state a claim upon which relief may be granted as to plaintiff's claims against defendants Allen, Hudson, Chalupka, DeWine, and Chambers-Smith.   28 U.S.C. §§ 1915(e)(2)(B).   In light of this recommendation, plaintiff's motion to amend (Doc. 7) and motion to subpoena his SMP hearing (Doc. 10) should be denied.

Plaintiff's remaining claims should be severed and dismissed without prejudice.   Fed. R. Civ. P. 21.

## IT IS THEREFORE RECOMMENDED THAT:

1.  The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B), as to plaintiff's claims against defendants Allen, Hudson, Chalupka, DeWine, and Chambers-Smith.   Plaintiff's pending motions to amend (Doc. 7) and motion to subpoena the SMP hearing (Doc. 10) should be **DENIED.**

2.   Plaintiff's unrelated claims against the remaining defendants be **SEVERED** and **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 21.

3.   The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.   *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


　　　　　　　　　　　　　　*s/ Stephanie K. Bowman*
　　　　　　　　　　　　　　Stephanie K. Bowman
　　　　　　　　　　　　　　United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DONTEZ JOHNSON,                              Case No. 1:19-cv-447
      Plaintiff,

                                  McFarland, J.
      vs.                              Bowman, M.J.

STATE OF OHIO, et al.,
      Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11